UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JOHN LEWIS MEALER, | ) | |
| Plaintiff, | ) ) ) | 3:10-cv-08172 JWS |
| vs. | ) ) ) | ORDER AND OPINION |
| GMAC MORTGAGE LLC, *et al.*, | ) ) | [Re: Motion at Docket 8 ] |
| Defendants. | ) ) | |

**I. MOTION PRESENTED**

At docket 8, defendant General Motors LLC ("GM") moves pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss the case for insufficient service of process. Although GM does not cite Rule 12(b)(6) in its motion, it is perfectly clear from its supporting memorandum that it is also moving pursuant to that rule to dismiss the complaint for failure to state a claim upon which relief may be granted. Plaintiff John L. Mealer ("Mr. Mealer") opposes the motion at docket 20. GM's reply is at docket 22. Oral argument was requested, but would not assist the court.

**II. BACKGROUND**

This case arises out of allegedly defamatory comments made in response to an internet blog posting. On June 1, 2009, General Motors Corporation filed for

bankruptcy.  On July 10, 2009, the bankruptcy court approved the sale of substantially all of the assets of General Motors Corporation to NGMCO, Inc., an entity sponsored by the United States Treasury.  General Motors Corporation subsequently changed its name to Motors Liquidation Company and NGMCO, Inc. became General Motors LLC.

Mr. Mealer claims to have developed technology that will revolutionize the automobile and vault his company–Mealer Companies LLC ("Mealer Companies")–from obscurity into direct competition with GM and other major automakers.  Mr. Mealer alleges that on June 9, 2009, Kris J. Kordella, an engineer for General Motors Corporation, made disparaging remarks about Mr. Mealer on his company's website.  The remarks were a response to Mr. Mealer's posting about the General Motors Corporation bankruptcy on the *Automotive News* website.  Mr. Mealer believes that those remarks had considerable sway on potential investors such that Mealer Companies lost all potential investment capital to the tune of $200,000,000.

Mr. Mealer filed a lawsuit in Arizona state court, asserting forty claims against GMAC Mortgage LLC, GMAC Financial Services, General Motors Corporation, General Motors Company, Motors Liquidation Company, Residential Capital LLC, the United States Department of the Treasury, and Mr. Kordella.  Mr. Mealer served process on GM by mailing a copy of the summons and complaint to Edward Whitacre, GM's former CEO.  The case was removed to the District of Arizona on September 14, 2010.  Mr. Mealer is proceeding *pro se*.

### III.  STANDARDS OF REVIEW

**A. Insufficiency of Service of Process**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process is governed by the procedural requirements of Federal Rule of Civil Procedure 4(c).[1]  Rule 4(c) provides that "a summons must be served with a copy of the complaint."[2]  "Rule 4 is a flexible rule that should be liberally construed so long as the party receives sufficient notice of the complaint."[3]  In determining whether service was valid, whether actual notice was given is "highly probative."[4]

**B. Failure to State a Claim**

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[5]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[6]  "Conclusory

---

[1] 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2010).

[2] Fed. R. Civ. P. 4(c)(1).

[3] *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

[4] *Homer v. Jones-Bey*, 415 F.3d 748, 758 (7th Cir. 2005).

[5] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[6] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

allegations of law . . . are insufficient to defeat a motion to dismiss."[7]  To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[8]  Thus, for a complaint to survive a motion to dismiss under Rule 12(b)(6), "the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[9]

## IV.  DISCUSSION

### A. Mr. Mealer Properly Served GM Through Its Former CEO

GM argues that Mr. Mealer did not comply with Federal Rule of Civil Procedure 4(h).[10]  Under that rule, "a domestic . . . corporation . . . or other unincorporated association . . . must be served . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . by law to receive service of process."[11]  GM maintains that the summons and complaint were not "deliver[ed]" within the meaning of Rule 4(h) and that Mr. Whitacre was not a qualifying officer or agent for service of process.  Mr. Mealer counters that he complied with Arizona Rule of Civil Procedure 4.2(c), which states the requisite procedure for service by mail.

---

[7]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[9]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation and citation omitted).

[10]Doc. 8 at 5.

[11]Fed. R. Civ. P. 4(h)(1)(B).

GM's reliance on Federal Rule 4(h) is technically error because "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue."[12] Consequently, "[i]n determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made."[13]

Arizona Rule of Civil Procedure 4.2(h) provides that "[i]n case of a corporation or partnership or unincorporated association located outside [Arizona] but within the United States . . . service . . . shall be made on one of the persons specified in Rule 4.1(k)."[14] Arizona Rule 4.1(k) mirrors Federal Rule 4(h) and specifies that service can be made on "a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."[15]

Mr. Mealer complied with the letter of Rule 4.2(c) in attempting to serve GM.[16] The certified mailing was signed for by Mike Darowski, presumably an employee of GM.[17] To the extent that Darowski had authority to "accept restricted delivery mail on [Whitacre's] behalf," it is of no moment that Whitacre did not "expressly or specifically

---

[12] *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993), *overruled on other grounds by Cal. Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

[13] 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (3d ed. 2010).

[14] Ariz. R. Civ. P. 4.2(h).

[15] Ariz. R. Civ. P. 4.1(k).

[16] *See* doc. 20 at 29, 40.

[17] *Id.* at 40.

authorize [Darowski] or otherwise appoint[] an agent[] to accept service of process on [his] behalf."[18]

The crux of GM's argument is that when Mr. Mealer mailed the summons and complaint, Mr. Whitacre was no longer an officer.  However, "Arizona courts have recognized effective service of process even on an ostensible (or apparent) agent in the corporate context."[19]  In *Koven*, the court found service of a corporation's former officer to be effective based on agency principles.[20]  Those same principles apply to the case at bar.  "[I]n order to establish 'ostensible' authority, the record must reflect that the alleged principal not only represented another as his agent, but that the person who relied upon the manifestation was reasonably justified in doing so under the facts of the case."[21]  Mr. Mealer argues that he "had no reason not to rely on" GM's website–which identified Mr. Whitacre as CEO–in determining an appropriate officer to serve.[22]  Under the circumstances, the court agrees that GM represented Mr. Whitacre to be an officer of the corporation and that Mr. Mealer was reasonably justified in relying on that representation.

GM's final argument is that Mr. Mealer "failed to identify Mr. Whitacre as an agent of [GM] when mailing him the complaint."[23]  GM cites *Biaett v. Phoenix Title & Trust Co.*,

---

[18]*Barlage v. Valentine*, 110 P.3d 371, 376 (Ariz. 2005).

[19]*Id.* at 377 (citing *Koven v. Saberdyne Systems, Inc.*, 625 P.2d 907, 911 (1980)).

[20]*Koven*, 625 P.2d at 911.

[21]*Id.* at 911–12.

[22]Doc. 20 at 7.

[23]Doc. 22 at 4.

in support of its contention.[24] The *Biaett* court, however, stated that "to accomplish [by mail] legal service on a corporation . . . it is necessary that the officer to whom the papers are mailed be expressly designated as such."[25] Mr. Mealer did not need to identify Mr. Whitacre as an agent of GM, only as an officer. That is precisely what he did.[26]

**B. GM Is Not Liable For the Tortious Conduct Alleged in the Complaint**

GM contends that Mr. Mealer's complaint against it must be dismissed for failure to state a claim pursuant to Rule 12(b)(6). GM argues that it is not subject to successor liability–claims "asserted against the successor in ownership of property that was transferred from the entity whose alleged wrongful acts give rise to the claim."[27] The order approving the sale of substantially all of General Motors Corporation's assets to GM is clear: "GM would voluntarily assume liability for warranty claims, and for product liability claims asserted by those injured after the [sale]–even if the vehicle was manufactured before the [sale]. But . . . GM would not assume any [General Motors Corporation] liabilities for injuries that arose before the [sale]."[28] The offensive remarks were made on June 1, 2009. GM acquired General Motors Corporation's assets on July 10, 2009. Mr. Mealer's alleged injuries therefore arose before the sale of General

---

[24] 217 P.2d 923 (Ariz. 1950).

[25] *Id.* at 926.

[26] Doc. 20 at 40.

[27] *In re General Motors Corp.*, 407 B.R. 463, 500 (Bankr. S.D.N.Y. 2009).

[28] *Id.*

Motors Corporation's assets to GM.  Because GM did not assume successor liability, Mr. Mealer's claims against GM are barred.

### V.  CONCLUSION

For the foregoing reasons, GM's motion at docket 8 to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(5), for insufficient service of process, is **DENIED**.  GM's simultaneous motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**, and the claims against GM are **DISMISSED**.

DATED this 1st day of November 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE