UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **JOHN LEWIS MEALER** | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-08172 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| **GMAC MORTGAGE LLC**, *et. al.*, | ) | [Re: Motion at Dockets 13 and 24] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 13, defendants GMAC Mortgage LLC ("GMAC"), Residential Capital, LLC, and GMAC Financial Services (collectively "defendants") move to dismiss the case for lack of standing. Although defendants did not identify a procedural vehicle for their motion, it is clear from their supporting memorandum that they are moving pursuant to Rule 12(b)(6). Plaintiff John L. Mealer ("Mr. Mealer") opposes the motion at docket 20. Defendants' reply is at docket 23. At docket 24, Mr. Mealer filed a motion to strike defendants' motion to dismiss, and at docket 28, Mr. Mealer filed a "motion in support of plaintiff's standing." Because Mr. Mealer is proceeding *pro se*, the court will consider his motions in conjunction with his response in opposition. Oral argument was requested, but would not assist the court.

## II.  BACKGROUND

This case arises out of allegedly defamatory comments made in response to an internet blog posting.  Mr. Mealer claims to have developed technology that will revolutionize the automobile and vault his company–Mealer Companies LLC ("Mealer Companies")–from obscurity into direct competition with GM and other major automakers.  Mr. Mealer alleges that on June 9, 2009, Kris J. Kordella, an engineer for General Motors Corporation, made disparaging remarks about Mr. Mealer on his company's website.  The remarks were a response to Mr. Mealer's posting about the General Motors Corporation bankruptcy on the *Automotive News* website.  Mr. Mealer believes that those remarks had considerable sway on potential investors such that Mealer Companies lost all potential investment capital to the tune of $200,000,000.  Mr. Mealer alleges that GMAC owned the computer used by Mr. Kordella.

On October 4, 2009, Mr. Mealer filed for Chapter 7 bankruptcy protection.  During the bankruptcy proceedings, Mr. Mealer filed an adversary proceeding against GMAC, General Motors, and other defendants, based in part on the events described above.  The bankruptcy court ultimately dismissed Mr. Mealer's adversary proceeding, and Mr. Mealer was granted a discharge on May 21, 2010.

On June 8, 2010, Mr. Mealer filed this lawsuit in Arizona state court asserting forty claims against GMAC Mortgage LLC, GMAC Financial Services, General Motors Corporation, General Motors Company, Motors Liquidation Company, Residential Capital LLC, the United States Department of the Treasury, and Mr. Kordella.  The case was removed to the District of Arizona on September 14, 2010.

### III.  STANDARD OF REVIEW

**A. Motion to Dismiss**

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[1]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[2]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[3]  To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[4]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[6]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[7]  "In

---

[1] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[2] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[3] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[4] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[5] *Id.*

[6] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[7] *Id.* (quoting *Twombly,* 550 U.S. at 557).

sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[8]

## B. Standing

Article III of the United States Constitution limits federal jurisdiction to actual "Cases" and "Controversies."[9] Standing is "one of the controlling elements in the definition of a case or controversy."[10] To establish constitutional standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."[11] "Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing."[12] Prudential considerations include "whether the alleged injury is more than a mere generalized grievance, whether the plaintiff is asserting her own rights or the rights of third parties, and whether the claim falls within the zone of interests to be protected or regulated by the constitutional guarantee in question."[13]

---

[8] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[9] U.S. Const., art. III.

[10] *ASARCO Inc. v. Kadish*, 490 U.S. 605, 613 (1989).

[11] *Allen v. Wright*, 468 U.S. 737, 751 (1984).

[12] *Valley Forge Christian College v. Ams. United*, 454 U.S. 464, 474 (1982).

[13] *Alaska Right to Life v. Feldman*, 504 F.3d 840, 848–49 (9th Cir. 2007) (internal quotations omitted).

## IV.  DISCUSSION

**A. Mr. Mealer Has Standing to Pursue His Tort Claims Because the Bankruptcy Trustee Abandoned Those Claims By Not Administering Them**

Defendants argue that Mr. Mealer does not have standing to pursue his tort claims because those claims became the property of Mr. Mealer's bankruptcy trustee upon filing of the bankruptcy petition.  Section 541(a) of Title 11 provides that "[t]he commencement of a case under section 301, 302, or 303 of this title creates an estate . . . comprised of all the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case."[14]  "Causes of action are among such legal or equitable interests."[15]  The allegedly defamatory posting was made on June 9, 2009.  Mr. Mealer filed for bankruptcy protection on October 4, 2009.  Mr. Mealer's tort claims therefore arose pre-petition and would be property of the bankruptcy trustee unless abandoned.

Defendants argue that without formal abandonment of the claims pursuant to 11 U.S.C. § 554(a) or (b), Mr. Mealer lacks standing because he is no longer the real party in interest.[16]  Defendants' contention depends on the applicability of § 554(d), which states that "property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."[17]

---

[14] 11 U.S.C. § 541(a).

[15] *Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004).

[16] Doc. 13 at 3, 4.

[17] 11 U.S.C. § 554(d).

Section 554(a) and (b) state alternative courses of abandonment. Section 554(a) provides that after notice and a hearing the trustee may abandon property which is burdensome or of inconsequential worth. Section 554(b) provides that, at the request of a party in interest, a court may order the bankruptcy trustee to abandon estate property that is either "burdensome to the estate" or "of inconsequential value" so long as notice and a hearing are provided.[18] Section 554(c) states that "[u]nless the court orders otherwise, any property scheduled under section 521 . . . not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350."[19]

Section 554(c) provides a mechanism by which scheduled, but only scheduled, assets are abandoned by operation of law.[20] Defendants' argument is therefore flawed, because property that was properly scheduled pursuant to § 521 did not remain vested in the trustee at the closing of the case. Review of the bankruptcy record indicates that Mr. Mealer listed his potential lawsuit as personal property in an amendment to his § 521 filing and did not seek exemption.[21]

---

[18] *Id.* § 554(a).

[19] *Id.* § 554(c).

[20] *Vereugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991). *Vereugdenhill* has been cited with approval on this point in passing but not discussed by the Ninth Circuit. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001). *See also Jeffrey v. Desmond*, 70 F.3d 183, 186 (1st Cir. 1995).

[21] Amdt. to Schedule B at 4, *In re Mealer*, No. 2:09-bk-24899 (Bankr. D. Ariz. May 21, 2010), ECF No. 23.

Defendants' reliance on *Stein v. United Artists Corp.*[22] is misplaced. That case states explicitly that "[t]he proper procedure to enforce *any newly discovered asset neither listed nor abandoned* is to petition the bankruptcy court to reopen the proceeding."[23]  Because Mr. Mealer's potential lawsuit was listed as personal property pursuant to § 521, § 554(c) applies and the tort claims were "abandoned to the debtor" when not administered by the trustee.[24]

## V.  CONCLUSION

For the foregoing reasons, defendants' motion at docket 13 to dismiss the claims against them for lack of standing is **DENIED**.  Plaintiff's motion at docket 24 to strike defendants' motion to dismiss is **DENIED** as moot.  The portion of plaintiff's motion at docket 28 in support of plaintiff's standing is also **DENIED** as moot.

DATED this 16th day of November 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[22] 691 F.2d 885 (9th Cir. 1982).

[23] *Id.* at 893 (emphasis added).

[24] 11 U.S.C. § 554(c).