UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JOHN L. MEALER, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-08172 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| GMAC MORTGAGE LLC, *et al.*, | ) | [Re: Motion at Docket 16] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 16, defendant Kris J. Kordella moves to dismiss the case pursuant to Rules 12(b)(6), 12(b)(5), and 12(b)(2) for failure to state a claim, insufficient service of process, and lack of personal jurisdiction.  Plaintiff John L. Mealer opposes the motion at docket 20.  No reply was filed.  Oral argument was requested, but would not assist the court.

## II.  BACKGROUND

This case arises out of allegedly defamatory comments made in response to an internet blog posting.  On June 1, 2009, General Motors Corporation filed for bankruptcy.  On July 10, 2009, the bankruptcy court approved the sale of substantially all of the assets of General Motors Corporation to NGMCO, Inc., an entity sponsored by

the United States Treasury.  General Motors Corporation subsequently changed its name to Motors Liquidation Company and NGMCO, Inc. became General Motors LLC ("GM").

Mr. Mealer claims to have developed technology that will revolutionize the automobile and vault his company–Mealer Companies LLC ("Mealer Companies")–from obscurity into direct competition with GM and other major automakers.  Mr. Mealer alleges that on June 9, 2009, Kris J. Kordella, an engineer for General Motors Corporation, made disparaging remarks about Mr. Mealer on his company's website.  The remarks were a response to Mr. Mealer's posting about the General Motors Corporation bankruptcy on the *Automotive News* website.  Mr. Mealer believes that those remarks had considerable sway on potential investors such that Mealer Companies lost all potential investment capital to the tune of $200,000,000.

Mr. Mealer filed a lawsuit in Arizona state court, asserting forty claims against GMAC Mortgage LLC, GMAC Financial Services, General Motors Corporation, General Motors Company, Motors Liquidation Company, Residential Capital LLC, the United States Department of the Treasury, and Mr. Kordella.  Mr. Mealer served process on Mr. Kordella via certified mail.  Mr. Mealer is proceeding *pro se*.

### III.  STANDARD OF REVIEW

**A. Failure to State a Claim**

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and

construed in the light most favorable to the nonmoving party."[1] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[2] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[3] To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[4] Thus, for a complaint to survive a motion to dismiss under Rule 12(b)(6), "the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[5]

**B. Insufficiency of Service of Process**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process is governed by the procedural requirements of Federal Rule of Civil Procedure 4(c).[6] Rule 4(c) provides that "a summons must be served with a copy of the complaint."[7] "Rule 4 is a flexible rule that should be liberally construed so long as the

---

[1] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[2] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[3] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[4] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[5] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation and citation omitted).

[6] 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2010).

[7] Fed. R. Civ. P. 4(c)(1).

party receives sufficient notice of the complaint."[8] In determining whether service was valid, whether actual notice was given is "highly probative."[9]

**C. Lack of Personal Jurisdiction**

"Where a defendant moves to dismiss a complaint [pursuant to Federal Rule of Civil Procedure 12(b)(2),] for lack of personal jurisdiction, the plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant."[10] Where the motion is based only upon written materials, rather than an evidentiary hearing, the plaintiff is required only to make a prima facie showing of personal jurisdiction.[11] Uncontroverted allegations in the complaint are taken as true, and conflicts between parties over statements contained in affidavits are resolved in favor of the plaintiff.[12]

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."[13] Arizona's long-arm statute authorizes the exercise of jurisdiction to the extent permitted by federal due process requirements.[14] Due process requires that the defendant "have

---

[8] *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

[9] *Homer v. Jones-Bey*, 415 F.3d 748, 758 (7th Cir. 2005).

[10] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

[11] *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

[12] *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009).

[13] *Fred Martin Motor Co.*, 374 F.3d at 800.

[14] *Batton v. Tenn. Farmers Mut. Ins. Co.*, 736 P.2d 2, 4 (Ariz. 1987).

certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[15]

## IV.  DISCUSSION

### A. Failure to State a Claim

Mr. Kordella moves to dismiss Mr. Mealer's complaint for failure to state a claim.[16] The only argument that Mr. Kordella makes in support of his position is that GM did not assume the liabilities of its predecessor–General Motors Corporation. Mr. Kordella incorporates the contents of GM's motion to dismiss, which was based on that theory and which the court granted at docket 30, into his own motion. Mr. Kordella does not explain how the circumstances of GM's bankruptcy affect legal claims against him personally. Mr. Kordella cites no case law and states only that he "was included in that claim by plaintiff."[17] It is unclear what claim he is referring to.

Elsewhere in Mr. Kordella's motion, he states that Mr. Mealer accepted Mr. Kordella's apology and, therefore, that "no claims can be sustained and dismissal is proper."[18] Mr. Kordella's theory is unclear, and he cites no case law in support of his position. Even though Mr. Kordella purports to have moved pursuant to Rule 12(b)(6), the court is unable to discern any theory for consideration under that rule.\

---

[15]*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

[16]Doc. 16 at 1, 6.

[17]Doc. 16 at 4.

[18]Doc. 16 at 3.

**B. Insufficiency of Service of Process**

Mr. Kordella argues that he "was not served personally" and therefore that dismissal for insufficient service is appropriate.[19] Mr. Kordella's argument is based on Federal Rule 4(e)(2)(A), which states that "an individual . . . may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally."[20] Mr. Mealer argues that he properly served Mr. Kordella pursuant to Arizona state law.

Mr. Kordella's reliance on Federal Rule 4(e) is technically error because "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue."[21] Consequently, "[i]n determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made."[22] Even if it were an issue of federal law, Federal Rule 4(e)(1) states that service of an individual may be made "in a judicial district of the United States" by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located of where service is made."[23] Therefore, service of process on Mr. Kordella must only have been valid under Arizona law.

---

[19]Doc. 16 at 4.

[20]Fed. R. Civ. P. 4(e)(2)(A).

[21]*Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993), *overruled on other grounds by Cal. Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

[22]4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (3d ed. 2010).

[23]Fed. R. Civ. P. 4(e)(1).

Under Arizona Rule of Civil Procedure 4.2(c), "[w]hen the whereabouts of a party is known, service may be made by depositing the summons and a copy of the pleading being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt."[24]  Mr. Mealer complied with the requirements of Rule 4.2(c) and service was effective under Arizona law.[25]

**C. Lack of Personal Jurisdiction**

The final issue is whether this court has personal jurisdiction over Mr. Kordella. Mr. Kordella argues that he "engaged in no activities within Arizona, nor had any contact with plaintiff in Arizona" and therefore, that this court is without jurisdiction over his person.[26]  Mr. Mealer does not address the question of personal jurisdiction in his response, but does advance relevant arguments in his complaint.

Mr. Mealer has not alleged contacts sufficient to support a finding of general jurisdiction.  The only question is whether Mr. Kordella's sole alleged contact–the allegedly defamatory blog posting–supports specific jurisdiction. Specific jurisdiction describes personal jurisdiction over a defendant where the plaintiff asserts claims related to the defendant's contacts with the forum. Specific jurisdiction "exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities,

---

[24] Ariz. R. Civ. P. 4.2(c).

[25] Doc. 20 at 29, 31–33, 38.

[26] Doc. 16 at 6.

and (3) the exercise of jurisdiction is reasonable."²⁷  The first prong–purposeful availment–is dispositive in the case at bar.

### 1. Mr. Kordella's Internet Posting Does Not Independently Constitute Purposeful Availment

With respect to purposeful availment in tort cases, the question is generally "whether a defendant 'purposefully directs his activities' at the forum state" and courts apply "an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum."²⁸  The effects test was first announced by the Supreme Court in *Calder v. Jones.*²⁹  The Ninth Circuit has construed the *Calder* test to comprise three prongs: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."³⁰

Although the allegations against Mr. Kordella satisfy the first prong, the second and third prongs are not met.  For purposes of personal jurisdiction, the relevant intentional act is Mr. Kordella's allegedly defamatory posting on the Mealer Companies' website.  Mr. Mealer argues that "the harm at issue in this case" took place in Arizona and, therefore, that this court has personal jurisdiction over Mr. Kordella.³¹  However,

---

²⁷*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

²⁸*Id.*

²⁹465 U.S. 783, 789–90 (1984).

³⁰*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

³¹Doc. 20 at 46.

the Ninth Circuit has "warned courts not to focus too narrowly on the test's third prong–the effects prong."[32]  Specifically, the Ninth Circuit has "said that there must be something more . . . [and] that something more is . . . express aiming at the forum state."[33]

Mr. Mealer's allegations do not support a finding that Mr. Kordella expressly aimed his commentary at Arizona.  As this district has previously recognized, "[t]he distinction between 'express aiming' and 'foreseeability' suggests that mere knowledge of an individual's residence, combined with intentional posting of defamatory statements on the internet (which, taken together, makes it foreseeable an individual will be harmed in a certain forum location) does not amount to 'express aiming.'"[34]  Mr. Kordella did "nothing more than post a statement on a [website] hosted in Arizona."[35]  Even assuming that Mr. Kordella knew that Mr. Mealer lived in Arizona when the posting was made, Mr. Mealer has not sufficiently alleged that Mr. Kordella's conduct was expressly aimed at Arizona.  Mr. Mealer's own allegations are illustrative.

Mr. Mealer alleges (and thus recognizes) that Mr. Kordella's comments were "intentionally publish[ed] on a *global* scale."[36]  The very fact that an internet posting is

---

[32] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006).

[33] *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (internal quotations omitted).

[34] *Xcentric Venture, LLC v. Bird*, 683 F. Supp. 2d 1068, 1073 (D. Ariz. 2010).

[35] *Bobolas v. Does 1-100*, 2010 WL 3923880, at *2 n.1 (D. Ariz. Oct. 1, 2010) (expressing "concerns about whether [a court] can exercise personal jurisdiction" over defendants whose sole jurisdictional contact is an internet posting on a site hosted in the forum).

[36] Doc. 20 at 48 (emphasis added).  Mr. Mealer repeatedly emphasizes the "global" nature of the alleged defamation. *See, e.g., id.* at 49, 50, 51.

immediately global belies the notion that every potentially defamatory comment on a website is "expressly aimed" at the forum in which the website's host is located. Unless a website has unique ties to a particular forum, or the content of the offensive comment is somehow forum-specific, a blog posting of the type at issue here will seldom–if ever–constitute purposeful availment. Because the internet is worldwide, Mr. Kordella's internet commentary lacks the "something more" that the Ninth Circuit has articulated as express aiming.

Moreover, Mr. Mealer has not adequately alleged that Mr. Kordella caused harm that he knew was likely to be suffered in Arizona. Mr. Mealer believes that Mr. Kordella's comments intimidated numerous potential investors and ultimately kept his $200,000,000 investment stream from materializing. Mr. Kordella could not have known that this harm was likely to be suffered in Arizona because it is simply not likely that any blog posting could cause such a response from serious investors–especially if Mr. Mealer's automobile is truly revolutionary. Therefore, the third prong of the effects test is also not satisfied.

## V.  CONCLUSION

For the foregoing reasons, Mr. Kordella's motion at docket 16 to dismiss the claims against him for lack of personal jurisdiction, pursuant to Federal Rule 12(b)(2), is **GRANTED,** and the claims against Mr. Kordella are **DISMISSED**.

DATED this 16th day of November 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE