UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JOHN LEWIS MEALER, | ) | |
| Plaintiff, | ) ) | 3:10-cv-08172 JWS |
| vs. | ) ) | ORDER AND OPINION |
| GMAC MORTGAGE LLC, *et al.*, | ) ) | [Re: Motion at Docket 21] |
| Defendants. | ) ) ) | |

## I. MOTION PRESENTED

At docket 21, defendants GMAC Mortgage LLC, Residential Capital LLC, and GMAC Financial Services (collectively "GMAC" or "defendants") move pursuant to Rule 12(b)(6) to dismiss the claims against them. Defendants' motion is based on the *res judicata* effect of an order from the United States Bankruptcy Court for the District of Arizona dismissing certain adversary claims filed by the plaintiff. Plaintiff John Lewis Mealer ("Mr. Mealer") opposes the motion at docket 25. Defendants' reply is at docket 26. Oral argument was requested by Mr. Mealer, but would not assist the court.

## II. BACKGROUND

This case arises out of allegedly defamatory comments made in response to an internet blog posting. Mr. Mealer claims to have developed technology that will

revolutionize the automobile and vault his company–Mealer Companies LLC ("Mealer Companies")–from obscurity into direct competition with GM and other major automakers.  Mr. Mealer alleges that on June 9, 2009, Kris J. Kordella, an engineer for General Motors Corporation, made disparaging remarks about Mr. Mealer on his company's website.  The remarks were a response to Mr. Mealer's posting about the General Motors Corporation bankruptcy on the *Automotive News* website.  Mr. Mealer believes that those remarks had considerable sway on potential investors such that Mealer Companies lost all potential investment capital to the tune of $200,000,000.

On October 4, 2009, Mr. Mealer filed for Chapter 7 bankruptcy protection.  During the bankruptcy proceedings, Mr. Mealer filed an adversary complaint against GMAC, General Motors, and other defendants, based in part on the events described above.  The bankruptcy court ultimately dismissed Mr. Mealer's adversary complaint and a subsequent amended adversary complaint.  Mr. Mealer was granted a discharge on May 21, 2010.

On June 8, 2010, Mr. Mealer filed this lawsuit in Arizona state court asserting forty claims against GMAC Mortgage LLC, GMAC Financial Services, General Motors Corporation, General Motors Company, Motors Liquidation Company, Residential Capital LLC, the United States Department of the Treasury, and Mr. Kordella.  The case was removed to the District of Arizona on September 14, 2010.  Mr. Mealer is proceeding *pro se*.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a

motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[1] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[2] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[3] To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[6] "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[7] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[8]

---

[1] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[2] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[3] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[4] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[5] *Id.*

[6] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[7] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[8] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## IV.  DISCUSSION

### A. Rule 12(g) Does Not Preclude Defendants' Second Rule 12(b)(6) Motion

At docket 35, the court denied defendants' motion to dismiss for lack of standing. The court construed that motion as a Rule 12(b)(6) motion because defendants did not specify the rule pursuant to which they were moving.  Under Rule 12(g), "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion."[9]  Generally, once a Rule 12 motion has been filed, a subsequent 12(b)(6) defense may be raised only in a pleading, by motion for judgment on the pleadings, or at trial.[10]  Here, however, defendants' *res judicata* defense was not available to them when their first motion was filed.  Defendants' first 12(b)(6) motion was filed on September 22, 2010.  The bankruptcy court entered its order dismissing the adversary proceeding on September 28, 2010.  Therefore, defendants' second Rule 12(b)(6) motion is properly before the court.

### B. Not All Claims Are *Res Judicata*

Defendants argue that Mr. Mealer's claims are barred by the doctrine of *res judicata*, which precludes "any claims that were raised or could have been raised in a prior action."[11]  "Res judicata applies when there is: (1) an identity of claims; (2) a final

---

[9] Fed. R. Civ. P. 12(g)(2).

[10] Fed. R. Civ. P. 12(h)(2).

[11] *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

judgment on the merits; and (3) identity or privity between parties."[12]  "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"[13] Federal Rule of Civil Procedure 41 provides that "[u]nless the dismissal order states otherwise . . . any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits."[14]

Mr. Mealer's adversary proceeding named as defendants all originally named defendants in the present lawsuit.  The bankruptcy judge dismissed Mr. Mealer's complaint without prejudice as to GMAC and with prejudice as to all other defendants.[15] Mr. Mealer then filed an amended complaint against only GMAC.  That complaint was ultimately dismissed, with prejudice, for failure to state a claim.[16] The bankruptcy court's dismissal of Mr. Mealer's amended adversary complaint constituted a judgment on the merits because it was with prejudice.  Because that complaint named the three defendants who filed the present motion, the second and third elements of *res judicata*

---

[12]*Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotations omitted).

[13]*Id.*

[14]Fed. R. Civ. P. 41(b).

[15]*See* Order Dismissing Adversary Proceeding Against Motors Liquidation Company (f/k/a General Motors Company) Without Leave to Amend, *Mealer v. GMAC Mortgage LLC, et al.,* No. 2:10-ap-00503 (Bankr. D. Ariz. June 3, 2010), ECF No. 32; Order Dismissing Adversary Proceeding Against General Motors Company Without Leave to Amend, *Mealer v. GMAC Mortgage LLC, et al.,* No. 2:10-ap-00503 (Bankr. D. Ariz. June 3, 2010), ECF No. 33; Order Dismissing Adversary Proceeding Without Prejudice Against Defendant GMAC Mortgage, LLC, *Mealer v. GMAC Mortgage LLC, et al.,* No. 2:10-ap-00503 (Bankr. D. Ariz. June 10, 2010), ECF No. 35.

[16]Order Dismissing First Amended Adversary Complaint With Prejudice, *Mealer v. GMAC Mortgage LLC, et al.,* No. 2:10-ap-00503 (Bankr. D. Ariz. Sept. 27, 2010), ECF No. 44.

are met.  The issue, therefore, is whether the claims brought in the present lawsuit are identical to the claims set out in Mr. Mealer's amended complaint in the adversary proceeding or whether they could have been brought there.[17]

Much of Mr. Mealer's amended complaint in the adversary proceeding is incomprehensible.  The bankruptcy judge at some point advised Mr. Mealer to take his tort claims to civil court, and it appears that Mr. Mealer attempted to oblige.[18] Accordingly, Mr. Mealer stated that his "amended adversary claim involve[d] gross creditor misconduct alleged against 'GMAC' and the severe disadvantage and damage intentionally placed upon . . . this plaintiff and his competitive automaker business."[19] However, Mr. Mealer's amended adversary complaint includes–quite confusingly–factual allegations regarding the relationship of GMAC to Mr. Kordella's blog posting.[20]  Specifically, Mr. Mealer alleged that Mr. Kordella accessed the Mealer Companies' website via equipment owned by GMAC.  This connection provides the only discernible foundation for GMAC's inclusion as a defendant in the case at bar.

Despite numerous references in his amended adversary complaint to Mr. Kordella's allegedly defamatory blog posting, Mr. Mealer did not include claims for defamation or libel.  Mr. Mealer listed only "mortgage assets mishandling" and related

---

[17]Mr. Mealer's original complaint in the adversary proceeding asserted various claims arising out of Mr. Kordella's allegedly defamatory posting.  However, as discussed below, that complaint was dismissed *without prejudice* as to the moving defendants. Consequently, that dismissal did not constitute a judgment on the merits.

[18]*See, e.g.*, Debtor's/Plaintiff's First Amended Complaint at 8, *Mealer v. GMAC Mortgage LLC, et al.,* No. 2:10-ap-00503 (Bankr. D. Ariz. July 1, 2010), ECF No. 36.

[19]*Id.* at 10.

[20]*Id.* at 12–13.

claims, breach of contract, conspiracy, and declaratory relief.[21] The court concludes, therefore, that Mr. Mealer intended claims related to the allegedly tortious internet posting to be litigated in civil court. The only disposition of those claims by the bankruptcy court, with respect to the moving defendants, was a dismissal without prejudice.[22] Such a dismissal does not function as a final judgment on the merits.

Mr. Mealer's first amended complaint in the present action exhibits considerable overlap with his first amended adversary complaint. Mr. Mealer describes GMAC's role in the financing of his home, and "efforts to foreclose upon [his] mortgage contract."[23] Mr. Mealer also states that GMAC "did willfully, flagrantly and abusively misapply a substantial portion of [his] mortgage payments."[24] Elsewhere in his complaint, Mr. Mealer describes Mr. Kordella as a GMAC agent who accessed the Mealer Companies' website through a GMAC-maintained Internet Service Provider.[25] Mr. Mealer included claims for "mortgage assets mishandling," "misappropriation of mortgage funds," and "default caused through improper means," among many others related to his mortgage agreement with GMAC.[26] Those claims were dismissed with

---

[21] Debtor's/Plaintiff's First Amended Complaint at 8, *Mealer v. GMAC Mortgage LLC, et al.,* No. 2:10-ap-00503 (Bankr. D. Ariz. July 1, 2010), ECF No. 36.

[22] Order Dismissing Adversary Proceeding Without Prejudice Against Defendant GMAC Mortgage, LLC, *Mealer v. GMAC Mortgage LLC, et al.,* No. 2:10-ap-00503 (Bankr. D. Ariz. June 10, 2010), ECF No. 35.

[23] Doc. 20 at 54.

[24] *Id.*

[25] *Id.* at 58.

[26] *Id.* at 83, 88.

prejudice by the bankruptcy court.  Mr. Mealer also, however, includes claims for defamation and libel.[27]  Those claims were not included in Mr. Mealer's amended adversary complaint.  Therefore, the elements of *res judicata* are not met with respect to all of Mr. Mealer's claims in the case at bar.

GMAC argues that all of Mr. Mealer's claims are barred because "*res judicata* bars all grounds for recovery that could have been asserted, whether they were or not."[28]  However, the bankruptcy judge instructed Mr. Mealer to bring his defamation-related claims in civil court.  Considering the bankruptcy court's instructions, the court is satisfied that Mr. Mealer could not have brought his defamation-related claims in bankruptcy court.

## V.  CONCLUSION

For the foregoing reasons, defendants' motion at docket 21 to dismiss the complaint as *res judicata* is **GRANTED** in part and **DENIED** in part as follows:  To the extent Mr. Mealer has asserted claims against GMAC Mortgage, LLC, Residential Capital LLC, and GMAC Financial Services based on the mishandling of mortgage assets, breach of contract, conspiracy, or declaratory relief, those claims are

---

[27] *Id.* at 94.

[28] Doc. 21 at 5.

**DISMISSED** as *res judicata*, leaving only claims arising out of the allegedly tortious blog posting.

DATED this 3rd day of December 2010.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE