UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JOHN L. MEALER, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-08172 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| GMAC MORTGAGE LLC, *et al.*, | ) | [Re: Motion at Docket 42] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 42, defendants GMAC Mortgage LLC, Residential Capital, LLC, and GMAC Financial Services (collectively "defendants" or "GMAC") move for summary judgment in their favor.  Plaintiff John L. Mealer ("plaintiff" or "Mr. Mealer") opposes the motion at docket 46.  Defendants' reply is at docket 47.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND[1]

This case arises out of allegedly defamatory comments made in response to an internet blog posting.  Mr. Mealer claims to have developed technology that will

---

[1]The same background is also included in the orders at dockets 30, 35, 36, and 40.

revolutionize the automobile and vault his company–Mealer Companies LLC ("Mealer Companies")–from obscurity into direct competition with GM and other major automakers.  Mr. Mealer alleges that on June 9, 2009, Kris J. Kordella, an engineer for General Motors Corporation, made disparaging remarks about Mr. Mealer on his company's website.  The remarks were a response to Mr. Mealer's posting about the General Motors Corporation bankruptcy on the *Automotive News* website.  Mr. Mealer believes that those remarks had considerable sway on potential investors such that Mealer Companies lost all potential investment capital to the tune of $200,000,000.

On June 8, 2010, Mr. Mealer filed this lawsuit in Arizona state court asserting forty claims against GMAC Mortgage LLC, GMAC Financial Services, General Motors Corporation, General Motors Company, Motors Liquidation Company, Residential Capital LLC, the United States Department of the Treasury, and Mr. Kordella.  The case was removed to the District of Arizona on September 14, 2010.  All claims, except those against GMAC, arising from the allegedly tortious blog posting have been dismissed.[2]  Mr. Mealer is proceeding *pro se*.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine issue as to any material fact . . . the movant is entitled to judgment as a matter of law."[3]  The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

---

[2]Docs. 30, 35, 36, 40.

[3]Fed. R. Civ. P. 56(c)(2).

judgment."[4] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5] In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[6] The reviewing court may not weigh evidence or assess the credibility of witnesses.[7] The burden of persuasion is on the moving party.[8]

## IV.  DISCUSSION

### A. Section 230(c)(2) Does Not Immunize GMAC

GMAC argues that it is entitled to immunity under the Communication Decency Act of 1996.[9] Specifically, GMAC argues that § 230(c)(2) shields it from liability.[10] Section 230(c)(2) provides as follows:

> No provider or user of an interactive computer service shall be held liable on account of-
>
> (A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected.

---

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5]*Id.*

[6]*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[7]*Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[8]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[9]47 U.S.C. § 223 *et seq*.

[10]Doc. 42 at 5 ("The key provision in this section is § 230(c)(2). . . . Subsequent decisions have interpreted § 230(c) very broadly, in providing immunity for ISPs under subsection (2)(B).").

> (B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1).[11]

Section 230(c)(2) provides protection for "'good samaritan' blocking and screening of offensive material."[12]  It is unclear how that protection applies in the case at bar.  Mr. Mealer has not alleged that GMAC blocked or screened offensive material.  Mr. Mealer has asserted tenuous and abstract defamation-related claims against GMAC on the doubtful basis that GMAC owned computer equipment or provided internet access that facilitated blog commentary.  GMAC has not demonstrated how § 230(c)(2) applies.     Section 230(c)(1), on the other hand, states that "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."[13]  Although this section might defeat Mr. Mealer's claims against GMAC, no such argument has been made.

## B. GMAC Has Not Demonstrated an Accord and Satisfaction

GMAC argues that it "is entitled to summary judgment[] because of the doctrine of accord and satisfaction."[14]  Specifically, GMAC argues that Mr. Mealer accepted Mr. Kordella's "apology as an accord and satisfaction."[15]  An accord and satisfaction "is a method of discharging a contract or cause of action whereby the new agreement, or

---

[11]47 U.S.C.  § 230(c)(2).  The reference to "paragraph (1)" is likely scrivener's error, and "instead the reference should be to paragraph (A)."  *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1173 n.2 (9th Cir. 2009).

[12]*Zango*, 568 F.3d at 1170.

[13]47 U.S.C. § 230(c)(1).

[14]Doc. 42 at 6.

[15]*Id.*

accord, is substituted for the old and the performance of the accord is the satisfaction."[16] Generally, "[a]n accord and satisfaction is a subsequent agreement to take something other than the original agreement."[17] GMAC offers only the conclusory statement that "Mr. Mealer accepted Mr. Kordella's apology and retraction as a full satisfaction of any defamation claim he may have had."[18] GMAC has not shown that there was any original or subsequent agreement. To the extent an accord and satisfaction can extinguish a cause of action, GMAC has not shown that Mr. Kordella's apology extinguished any claim–no matter how far-fetched–against GMAC.

## V.  CONCLUSION

For the foregoing reasons, defendants' motion at docket 42 for summary judgment in their favor is **DENIED**.

DATED this 24th day of February 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[16] *Solar-West, Inc. v. Falk*, 687 P.2d 939, 944–45 (Ariz. Ct. App. 1984).

[17] *Id.* at 944 (internal quotations omitted).

[18] Doc. 42 at 7.