**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| JOHN L. MEALER, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-08172 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| GMAC MORTGAGE LLC, *et al.,* | ) | [Re: Motion at Docket 59] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 59, defendants GMAC Mortgage LLC, Residential Capital, LLC, and

GMAC Financial Services (collectively "defendants" or "GMAC") move for summary

judgment in their favor.  Plaintiff John L. Mealer ("plaintiff" or "Mr. Mealer") opposes the

motion at docket 60.  Defendants' reply is at docket 61.  Oral argument was not

requested and would not assist the court.

## II.  BACKGROUND[1]

This case arises out of allegedly defamatory comments made in response to an

internet blog posting.  Mr. Mealer claims to have developed technology that will

---

[1]The same background is also included in the orders at dockets 30, 35, 36, 40, and 42.

revolutionize the automobile and vault his company–Mealer Companies LLC ("Mealer

Companies")–from obscurity into direct competition with GM and other major

automakers.  Mr. Mealer alleges that on June 9, 2009, Kris J. Kordella ("Kordella"), an

engineer for General Motors Corporation, made disparaging remarks about Mr. Mealer

on his company's website.  The remarks were a response to Mr. Mealer's posting about

the General Motors Corporation bankruptcy on the *Automotive News* website.

Mr. Mealer believes that those remarks had considerable sway on potential investors

such that Mealer Companies lost all potential investment capital to the tune of

$200,000,000.

On June 8, 2010, Mr. Mealer filed this lawsuit in Arizona state court asserting

forty claims against GMAC Mortgage LLC, GMAC Financial Services, General Motors

Corporation, General Motors Company, Motors Liquidation Company, Residential

Capital LLC, the United States Department of the Treasury, and Mr. Kordella.  The case

was removed to the District of Arizona on September 14, 2010.  All claims, except those

against GMAC, arising from the allegedly tortious blog posting have been dismissed.[2]

Mr. Mealer is proceeding *pro se.*

### III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine issue as to any

material fact and . . . the movant is entitled to judgment as a matter of law."[3]  The

materiality requirement ensures that "only disputes over facts that might affect the

---

[2]Docs. 30, 35, 36, 40.

[3]Fed. R. Civ. P. 56(c)(2).

outcome of the suit under the governing law will properly preclude the entry of summary judgment."[4]  Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]  In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[6]  The reviewing court may not weigh evidence or assess the credibility of witnesses.[7]  The burden of persuasion is on the moving party.[8]

### IV.  DISCUSSION

**A. GMAC is Entitled to § 230(c)(1) Immunity**

GMAC argues that it is entitled to immunity under the Communication Decency Act of 1996.[9]  In particular, GMAC argues that 47 U.S.C. § 230(c)(1) immunizes any conduct on its part related to the allegedly tortious blog posting.

Section 230(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."[10]  "[R]eviewing courts have treated § 230(c) immunity as quite robust, adopting a relatively expansive definition of 'interactive computer service' and a relatively restrictive definition of 'information content

---

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Id.*

[6] *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[7] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[9] 47 U.S.C. § 223 *et seq.*

[10] *Id.* § 230(c)(1).

provider.'"[11]  Section 230(c)(1) "protects from liability (1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another content provider."[12]

An "interactive computer service" is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet."[13]  Mr. Mealer's claims against GMAC are based wholly on the allegation that Kordella defamed Mr. Mealer "by and through the Internet Service Provider ["ISP"] . . . which is owned, located, registered to and secured within the GMAC corporate headquarters."[14]  GMAC therefore qualifies as an interactive computer service within the meaning of § 230(c)(1).

Mr. Mealer's only remaining claims are for defamation.  Mr. Mealer is therefore seeking to treat GMAC as a publisher or speaker under a state law cause of action.

An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."[15]  The relevant information in this

---

[11]*Carafano v. Metrosplash*, 339 F.3d 1119, 1123 (9th Cir. 2003).

[12]*Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–1101 (9th Cir. 2009).

[13]47 U.S.C. § 230(f)(2).

[14]Doc. 1-1 at 3; *see also* doc. 19 at 50; doc. 60 at 2.

[15]47 U.S.C. § 230(f)(3).

instance is the content of Kordella's blog posting.  Kordella is therefore "another information content provider," and the test under § 230(c)(1) is satisfied.[16]

Mr. Mealer argues that GMAC "is also the content producer."[17]  Mr. Mealer's argument seems to rest on the idea that Kordella committed a trespass to chattels and that GMAC is somehow also responsible.[18]  Mr. Mealer's argument reflects a fundamental misunderstanding of that common law tort.  Mr. Mealer has not asserted a claim for trespass to chattels, nor could he.  Mr. Mealer never had the $200,000,000 in prospective growth funding that he characterizes as a chattel.

Mr. Mealer next argues that whether GMAC was actually the ISP "is to be determined [because GMAC has] not duly responded to the [c]omplaint."[19]  Mr. Mealer's argument ignores that fact that if GMAC was not the ISP, he has no claim whatsoever.[20]

---

[16]*See* 47 U.S.C. § 230(c)(1).

[17]Doc. 60 at 2.

[18]*See id.* at 6–7.

[19]*Id.* at 7.

[20]Whether GMAC was the ISP is immaterial and therefore, that it is unresolved does not preclude summary judgment.  It is the *only* alleged basis for any liability on GMAC's part.

## V.  CONCLUSION

For the foregoing reasons, defendants' motion at docket 59 for summary judgment pursuant to Federal Rule 56 is **GRANTED**.  The Clerk will please enter judgment for defendants.

DATED this 25th day of March 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE